IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **James Luedtke,**   **Petitioner** vs. **T. Lilliard,**   **Respondent** | )<br>)<br>)<br>)<br>)   Case No. 24-cv-1197-DWD<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On December 13, 2002, Petitioner James Luedtke was convicted in the Eastern District of Wisconsin for bank robbery, brandishing a firearm during a crime of violence, possession of a firearm by a felon, and two counts of making false statements to obtain a firearm. Luedtke was sentenced to thirty-seven years in prison. *See Luedtke v. United States,* No. 05-C-0489, 2005 WL 1229686 (E.D. Wis. May 23, 2005).

Luedtke is presently confined in the Federal Correctional Institution in Greenville, Illinois and has filed the instant Petition for relief pursuant to 28 U.S.C. § 2241. Along with his Petition, Luedtke has filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2), a Motion to Appoint Counsel (Doc. 3), and a Motion for Order (Doc. 4).[1]

In his Motion for Leave to Proceed *in forma pauperis* (IFP Motion) (Doc. 2), Luedtke seeks leave to proceed without paying the $5 filing fee. Luedtke's IFP Motion did not

---

[1] In the Motion for Order, Luedtke asks the Court to order officials at FCI Greenville to unfreeze his inmate trust fund account, stating that, if the account was not frozen, he would have "at least a $25.00 spending limitation" and could pay the filing fee. (Doc. 4).

include a certified copy of his prisoner trust fund account. Luedtke did, however, submit a financial affidavit on which he swore, under penalty of perjury, that he has no income and no money in any accounts. *Id*. In fact, Luedtke affirmatively stated that he has "$00.00" in "cash or in a checking or savings account." Luedtke, however, also filed a memorandum in support of his IFP Motion, explaining that the reason he stated his has no income and no money in any accounts is because the Federal Bureau of Prisons has, without legal authority, frozen his account and is ignoring his request to unfreeze the account to allow him to pay the $5 filing fee. Luedtke further admits that, prior to his accounts being frozen, he had over $1,000.00 in funds available to him.

On June 26, 2024, in response to an order from this Court, the Trust Fund Officer at FCI Greenville filed Luedtke's prisoner trust fund account certification. The certification indicates that Luedtke has $1200.09 in funds available. Thus, Luedtke has funds available to pay the filing fee in this case. The question then is whether Luedtke's representation regarding his inability to pay any filing fee given the freeze on his account is truthful. As is explained more fully below, the Court has reason to doubt Luedtke's claim.

Luedtke is a restricted filer with a documented history of misconduct before the Western District of Wisconsin and the Seventh Circuit Court of Appeals.[2] That history

---

[2] See Listing of Restricted Filers, available at www.CA7.circ7.dcn/caseproc/RFexplains/RFframesset.htm. *See also Luedtke v. Keyes,* No. 23-1899, 2023 WL 7478708 (7th Cir. Aug. 17, 2023) (Luedtke has engaged in a pattern of egregious misbehavior in this litigation. Luedtke's "wildly inappropriate" language and veiled threats of violence resulted in the dismissal of the underlying lawsuit. Luedtke is hereby **WARNED** that future, similar conduct may lead to the imposition of additional sanctions, potentially including significant monetary fines.).

2

includes repeated attempts to misrepresent his ability to pay filing fees in cases he initiates. *See* e.g., *Luedtke v. Keyes*, No. 23-1899, 2023 WL 7478708 (7th Cir. Aug. 17, 2023) (dismissing appeal as a sanction after finding that Luedtke's allegation of poverty was untrue); *Luedtke v. Keys*, 22-cv-589-JDP (Western District of Wisconsin) (Doc. 7) (denying IFP Motion, finding that Luedtke's financial affidavit misrepresented his ability to pay). As is particularly relevant to Luedtke's claims in the instant case, the Western District of Wisconsin recently found that Luedtke made false claims that he could not pay a filing fee because officials had improperly frozen his account:

> With his complaint, Luedtke filed a motion advising the court that he could not pay the filing fee because prison officials had frozen his account and had ignored his requests to unfreeze $400 to pay the fee. Dkt. 3. (In count four of the complaint, Luedtke alleges that the freeze on his account is unlawful.) After the court issued a pro forma order asking Luedtke to either submit a trust account statement or pay the fee, Dkt. 5, Luedtke filed an amended motion, stating, among other things, that the court had "ignored" his first motion asking for an order directing the warden to release funds from his account to pay the filing fee. Dkt. 6. Notably, Luedtke declared that he was not indigent. Luedtke reiterated that he "has the money to pay the filing fee, but can't pay it because of the illegally froze account." *Id*. at 3. *See also Luedtke v. Keyes*, 22-cv-158-jdp, Dkt. 12 (August 9, 2022 IFP application filed by Luedtke reporting having $1,136.05 in an account being frozen by prison officials).
>
> In an order entered October 25, 2022, Magistrate Judge Stephen Crocker stayed Luedtke's motions for an order directing prison officials to unfreeze his account. Dkt. 10. The magistrate judge asked AUSA Leslie Herje to "find out from prison officials whether Luedtke's account is frozen and if so, to advise the court what authority they have to block a prisoner from accessing his account to pay filing fees." Id. at 2–3. In response, the government confirmed that the warden at FCI Oxford had placed a discretionary freeze on Luedtke's inmate trust account as a sanction for his failure to participate in the inmate financial responsibility program (IFRP). Dkt. 13, at 1. The government explained that Luedtke could use the administrative remedy process to obtain a release of the court fees, but he had not attempted to do so. Notwithstanding that failure, said the

3

> government, the associate warden and a staff member sought out Luedtke and presented him with a "green form" to sign authorizing the release of the fees, but Luedtke refused to sign it, "claiming the encumbrance was against the law." Id. at 2.
>
> In his response, Luedtke reiterates his belief that the freeze on his account is illegal, and says he therefore "can't authorize one cent for anything." Dkt. 16, at 3. But the government has said that simply isn't so: even with the freeze in place, Luedtke can ask the warden to release funds from his account to pay his court fees. I understand that Luedtke disputes the warden's authority to encumber his account in the first place, but that dispute does not excuse Luedtke from taking the necessary steps to authorize the warden to release funds for court fees.

*Luedtke v. Keyes*, 22-cv-434-JDP (Western District of Wisconsin) (Doc. 18).

Considering the above, it appears that, even if a freeze is in place, Luedtke has the ability to ask the warden to release funds from his account to pay court fees *and that Luedtke* is well aware of this fact. If this is so, Luedtke's claim that he is impoverished because his account has been frozen is untrue, warranting the imposition of a sanction that may include dismissal of this action. *See* 28 U.S.C. § 1915(e)(2)(A) ("the court shall dismiss the case at any time if the court determines that--(A) the allegation of poverty is untrue") Prior to dismissing Luedtke's Petition, however, the Court finds it prudent to confirm with officials at Luedtke's current facility whether, despite the freeze on Luedtke's account, Luedtke has the ability to submit a request to release funds to pay court filing fees. Accordingly, the Court **ORDERS** as follows:

> (1) The Warden of FCI Greenville is **DIRECTED** to advise the Court, on or before, July 8, 2024, whether Petitioner's account is frozen or inaccessible, and if so, whether Petitioner may use the administrative remedy process to obtain a release for court fees. Additionally, if Petitioner has pursued an administrative remedy, the Warden shall provide the status and the date of commencement.

(2) The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the Warden at FCI Greenville.

(3) Petitioner is **WARNED** that if the Warden at FCI Greenville confirms Petitioner has the ability to request the release of funds to pay court fees, given the Order issued by the Western District of Wisconsin in *Luedtke v. Keyes*, 22-cv-434-JDP, Doc. 18, the Court will find that Luedtke knowingly misrepresented his ability to pay by claiming he could not obtain funds from his frozen inmate trust account, and sanctions will be appropriate. The sanction may include dismissal of this action.

(4) Petitioner may file a response to this Order, no longer than five pages, on or before July 8, 2024.

**SO ORDERED.**

Dated: June 27, 2024

_____
DAVID W. DUGAN
United States District Judge