IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES LUEDTKE,                           )
                                         )
        Petitioner                       )
                                         )
vs.                                      )
                                         )   Case No. 24-cv-1197-DWD
T. LILLIARD,                             )
                                         )
        Respondent                       )
                                         )

MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner James Luedtke, a prisoner in the custody of the Federal Bureau of Prisons ("BOP") at FCI Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his firearms convictions under 18 U.S.C. § § 924(c) and 922(g)(1). (Doc. 1). The district court sentenced him to a total of 444 months' imprisonment. *United States v. Luedtke*, No. 03-CR-37-WCG (E.D. Wis.) ("Criminal Case"). The Seventh Circuit affirmed his convictions on direct appeal. *United States v. Luedtke*, 125 F. App'x 732 (7th Cir. 2005). A subsequent § 2255 petition was dismissed for failure to state a claim, *Luedtke v. United States*, No. 05-C-0489, 2005 WL 1229686 (E.D. Wis.), and the Seventh Circuit affirmed that decision. *Luedtke*, No. 05-c-0489 (Doc. 17). Additionally, prior to filing the instant case, Luedtke filed several § 2241 petitions in other judicial districts.

Along with his petition, Luedtke has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), a motion to appoint counsel (Doc. 3), and a motion for order (Doc. 4). For the reasons set forth below, Luedtke's pending motions are **DENIED**. Further, the

Court finds that Luedtke's petition does not survive preliminary review under Rule 4 of the Federal Rules Governing § 2254 cases. As such, Luedtke's § 2241 petition for writ of habeas corpus is **DENIED** and this action is **DISMISSED** with prejudice**.**

<u>BACKGROUND</u>

### A.  Conviction, Appeal, and Habeas Corpus Petitions

In 2003, a federal jury in the Eastern District of Wisconsin found Luedtke guilty of armed bank robbery, use of a firearm in a crime of violence, felon in possession of a firearm, and aiding and abetting the making of false statements to obtain a firearm relating to the armed robbery of a bank. *See* 18 U.S.C. §§ 2113(a) and (d), 924(c), 922(g)(1), and 926(a)(6) and (2). (Criminal Case, Doc. 83). He was sentenced to a total of 444 months and ordered to pay restitution of $12,377. (*Id.* Doc. 102). The conviction was affirmed on appeal to the United States Court of Appeals for the Seventh Circuit. *United States v. Luedtke,* 125 F. App'x 732 (7th Cir. 2005).

On May 2, 2005, Luedtke filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *Luedtke v. United States,* No. 05-C-0489, 2005 WL 1229686 (E.D. Wis.). That petition was denied for failure to state a claim, and the Seventh Circuit affirmed that decision on appeal. (*Id.* Docs. 5 and 17).

Between May 2011 and 2014, Luedtke filed three petitions pursuant to 28 U.S.C. § 2241. *See Luedtke v. Berkebile*, Case No. 7:11-cv-00080-HRW (E.D. Ky.); *Luedtke v. Farley,* No. 7:12-cv-00044-KKC (E.D. Ky.); *Luedtke v. Farley,* No. 7:14-cv-0075-ART. The first petition was dismissed because Luedtke failed to satisfy the savings clause in 28 U.S.C. § 2255, *Luedtke v. Berkebile*, Case No. 7:11-cv-00080-HRW (E.D. Ky.) (Doc. 14). The Sixth

Circuit affirmed that dismissal. (*Id.* Doc. 18). Three of the claims in the second petition were dismissed at screening, and the fourth claim was dismissed following additional briefing from both sides. *Luedtke v. Farley,* No. 7:12-cv-00044-KKC (E.D. Ky.) (Docs. 7, 13, 22). The third petition was dismissed for failure to pay the filing fee, *Luedtke v. Farley,* No. 7:14-cv-0075-ART (E.D. Ky.) (Doc. 6), and his appeal of that dismissal was dismissed for failure to prosecute (*Id.* Doc. 9).

On July 30, 2019, Luedtke filed yet another petition pursuant to 28 U.S.C. § 2241 in the Eastern District of California. *Luedtke v. Lake*, No. 119-cv-01034-SKOHC, 2019 WL 4166776 (E.D. Cal. Sept. 3, 2019), report and recommendation adopted, No. No. 119-cv-01034-SKOHC, 2019 WL 6170055 (E.D. Cal. Nov. 20, 2019). The Eastern District of California dismissed the petition, finding that Luedtke did not satisfy the savings clause in 28 U.S.C. §2255. *Id.* The Ninth Circuit Court of Appeals affirmed the judgment on March 5, 2021. *Luedtke v. Lake*, No. 19-17466, 2021 WL 2329354 (9th Cir. Mar. 5, 2021).

Luedtke filed the instant petition on May 1, 2024. (Doc. 1). Luedtke contends that, considering the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022) his convictions under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c) are unlawful. He also alleges § 922(g)(1), § 924(c), 28 U.S.C. § 2255 (e), (f), (g), and (h); and 28 U.S.C. § 2253(c)(1)(A) and (B)(2)(3) are unconstitutional because they were not properly enacted. Finally, he challenges the United States Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), arguing that it is an "abomination" that illegally suspends habeas corpus under § 2241. (Doc. 1, pp. 38-44).

**B. IFP Motion and Motion Regarding the Encumbrance on Luedtke's Account**

Along with his Petition, Luedtke filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and a Motion for Order (Doc. 4), wherein Luedtke asks the Court to order officials at FCI Greenville to unfreeze his inmate trust fund account.[1] In both motions, Luedtke challenges the way the BOP's Inmate Financial Responsibility Program ("IFRP") has been applied to him. (Doc. 2-1). Specifically, Luedtke declined to participate in the IFRP to pay his court-ordered restitution. Because Luedtke failed to make payments, the BOP placed an encumbrance on his inmate trust fund account. Luedtke claims that this encumbrance is illegal, and that because of the encumbrance, he cannot pay the $5.00 filing fee.

On June 26, 2024, in response to an order from this Court, the Trust Fund Officer at FCI Greenville filed Luedtke's prisoner trust fund account certification. The certification indicates that Luedtke has $1200.09 in funds available. (Doc. 10). Thereafter, the Court directed officials at FCI Greenville to provide additional information regarding the encumbrance on Luedtke's inmate trust fund account. (Doc. 11). The Court also allowed Luedtke to file additional briefing on the matter. (*Id*.).

On July 12, 2024, the Associate Warden of FCI Greenville filed a response. (Doc. 14-1). According to the Associate Warden's declaration, Luedtke refused to agree to a payment plan toward satisfaction of his financial obligations pursuant to the IFRP. As a result, the warden at FCI Greenville placed a discretionary encumbrance on his inmate

---

[1] In the Motion for Order, Luedtke asks the Court to order officials at FCI Greenville to unfreeze his inmate trust fund account, stating that, if the account was not frozen, he would have "at least a $25.00 spending limitation" and could pay the filing fee. (Doc. 4).

4

trust account. The Associate Warden contends that this action is permitted under BOP Program Statement 4500.12, <u>Trust Fund/Deposit Fund Manual.</u> (Doc. 14 and 14-4). The Associate Warden further indicates that the warden may agree to release encumbered funds for certain purposes, including for payment of his IFRP or court-ordered fees, <u>upon request</u>. FCI Greenville, however, has no record of Luedtke submitting an administrative remedy request for release of funds from his trust account for payment of court-ordered fees. (Doc. 14 and Doc. 14-5).

Luedtke also filed a response to the Court's order. (Doc. 13). In his response, Luedtke reiterates his claim that the encumbrance is unlawful. (*Id.*). He also contends that the encumbrance on his account means he has "zero" funds and that there is no way he can pay the $5.00 filing fee. (*Id.*). Finally, Luedtke claims that, in January 2024, a "case manager" denied his request for "a set of forms" on "this froze account issue." (*Id.*).

Notably, this is not the first time Luedtke has raised this issue. In *Luedtke v. Keys,* 22-cv-434-JDP (W. D. Wis.) (Doc. 18), Luedtke asserted identical allegations regarding his ability to pay the filing fee. After investigating the matter, the district court found that, even with the freeze in place, Luedtke could ask the warden to release funds from his account to pay his court fees. (*Id.*). Accordingly, the district court found that Luedtke's motions for an order directing the warden to "unfreeze" his account were unnecessary. Luedtke was ordered to file the necessary request and pay the filing fee. Thereafter, Plaintiff failed to pay the filing fee, and the case was dismissed. (*Id.* Doc. 19).

<u>DISCUSSION</u>

**A. Filing Fee**

The Court will first address Luedtke's motions with respect to the encumbrance on his account. The purpose of the IFRP is to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "When an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation. **28 C.F.R. § 545.11**. The IFRP is a voluntary program. *See* 28 C.F.R. § 545.10-11; *United States v. Love*, 329 F. App'x 667 (7th Cir. 2009). However, there are consequences for refusing to participate in the program. 28 C.F.R. § 545.11(d). These consequences include: (1) notification to the Parole Commission; (2) ineligibility for any furlough; (3) ineligibility for performance pay above the maintenance pay level, or bonus pay, or vacation pay; (4) ineligibility for assignment to a work detail outside the facility; (5) ineligibility for placement in UNICOR; (6) restricted monthly commissary spending; (7) placement in the lowest housing status; (8) ineligibility for placement in a community-based program; (9) ineligibility for a release gratuity; and (10) ineligibility for an incentive for participation in residential drug treatment programs. *Id.*. The IFRP has been uniformly upheld against constitutional attack. *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999).

Considering the record before the Court as well as the above authority, the Court finds that Luedtke has sufficient funds to pay the filing fee, and that he can obtain those funds to pay court-ordered fees by submitting a request to the warden. Further, given that the Western District of Wisconsin previously addressed this issue with Luedtke, he

knows that he can utilize the administrative procedure process to access his encumbered funds for the purpose of paying the filing fee in this action. Thus, the claim that Luedtke has $0.00 in his account because there is no way to access encumbered funds is at best misleading and at worst an intentional misrepresentation. The Court understands that Luedtke is also claiming he was denied access to "a set of forms" to "unfreeze" his account, but that does not excuse Luedtke making misleading claims in his pleadings. Luedtke has sufficient funds to pay the filing fee, and he can access those funds by submitting a request to the warden. Accordingly, Luedtke is **ORDERED** to pay the $5.00 filing fee within 30 days of entry of this Order. Additionally, given Luedtke's allegations regarding access to "a set of forms," the Court **DIRECTS** the Warden at FCI Greenville to provide Luedtke with the necessary paperwork for submitting a request to pay the filing fee in this case. Luedtke's Motion for Order is **DENIED** as unnecessary.

### B. Preliminary Review Pursuant to Rule 4

Federal prisoners may challenge their sentence pursuant to, *inter alia*, 28 U.S.C. §§ 2241, 2255. A § 2255 petition allows a prisoner to challenge the constitutionality of their conviction or sentence, a § 2241 petition allows a prisoner to challenge the constitutionality of their custody. 28 U.S.C. §§ 2241(c)(3), 2255(a).

Generally, an inmate may only make a § 2255 motion in the district of their conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). A prisoner is limited to one § 2255 motion without leave of court. A prisoner may file a second or successive petition only if they rely on "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a new rule of constitutional law," 28 U.S.C. § 2255(h)(2), as their basis for relief *and* their

7

petition is authorized by the appropriate court of appeals for the district of their conviction. Under Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts, unauthorized second or successive § 2255 motions must be dismissed.

However, there is an exception to these rules under the "savings clause" of § 2255(e). The "savings clause" allows an inmate to collaterally attack their sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

Until recently, § 2255 was "inadequate or ineffective to test the legality of [a petitioner's] detention" if the petitioner did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998); this occurred when:

> [T]he claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

*Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019) (citing *In re Davenport*, 147 F.3d at 609).

But following the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023)., § 2255 is *no longer* considered "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations contemplated by *In re Davenport*. *Jones v. Hendrix*, 599 U.S. 465, 477 (2023). Rather, § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is *impossible* or *impracticable* for a prisoner to seek relief from the sentencing court," *Id.* at 474 (emphasis added), such as, for

example, where the court of conviction no longer exists. *Id.* This is because allowing prisoners to collaterally attack their sentence in § 2241 petitions in any other situation would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and *only* two, circumstances. *Id.* at 477.

Therefore, § 2241 is not available to challenge a sentence where an inmate has already filed a § 2255 motion and is barred from filing another.

Luedtke contends that, in light of the Supreme Court decision in *Bruen*, his convictions under 18 U.S.C. § 922(g) and § 924(c) are unlawful. Such a claim is now foreclosed by the Supreme Court's decision in *Hendrix.* Post-*Hendrix*, a § 2255 petition is the only way a prisoner can collaterally attack their sentence, unless it is impossible or impracticable for a petitioner to seek relief under § 2255 in the court of their conviction.

Luedtke has *already* filed a § 2255 in the court of his conviction—the Eastern District of Wisconsin—in addition to multiple other filings. There is nothing that would make it impossible or impracticable to seek relief from the Eastern District of Wisconsin nor make it impossible or impracticable to request authorization for a successive § 2255 from the Court of Appeals for the Seventh Circuit. Thus, even if there was merit to Luedtke's *Bruen* claim (and there is not) it would not be cognizable in a § 2241 proceeding.

Luedtke also claims that his convictions are unlawful because various statutes were not properly enacted. Luedtke's argument lacks merit and could have been raised on direct appeal or, at the very latest, in a timely-filed collateral challenge under 28 U.S.C. § 2255. Thus, even under the *Davenport* standard previously applied by the Seventh

9

Circuit, these arguments could not be brought in a § 2241 petition.[2] Further, as with Luedtke's claim under *Bruen,* these arguments cannot be brought in a § 2241 petition because, following *Hendrix,* § 2255 is not inadequate or ineffective to test the legality of his detention.

<u>DISPOSITION</u>

For the foregoing reasons, the Court **DISMISSES** with prejudice James Luedtke's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and **DIRECTS** the Clerk of Court to enter judgment accordingly.

The Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**. Luedtke has sufficient funds to pay the filing fee and may gain access to those funds by submitting a request to the warden. To assist Luedtke with this request, the Warden of FCI Greeneville is **DIRECTED** to provide Luedtke with the necessary paperwork for submitting such a request.

Luedtke is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus it remains due and payable regardless of the dismissal of this case. *See Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir. 2008); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

The Motion for Order (Doc. 4) is **DENIED** as unnecessary, and the Motion for of Counsel (Doc. 3) is **DENIED** as **MOOT**.

---

[2] *See Roundtree v. Krueger,* 910 F.3d 312, 313 (7th Cir. 2018) (under the standard announced in *Davenport,* a prisoner cannot relitigate matters that were resolved (or could have been raised) on his direct appeal or § 2255 proceeding in a § 2241 motion).

The Clerk is **DIRECTED** to transmit a copy of this Order to the warden of FCI

Greenville.

      **SO ORDERED.**

      Dated: August 14, 2024

                                   _____

                                   DAVID W. DUGAN
                                   United States District Judge